E-FILED
Wednesday, 30 May, 2012 01:55:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-30003 |
| ) | |
| BRENT L. SUTTORY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

In June 2009, Defendant, Brent L. Suttory, pleaded guilty to possession of child pornography (Count I), receipt of child pornography (Count II), and distribution of child pornography (Count III). See 18 U.S.C. § 2252A(a)(5)(B), § 2252A(a)(2), § 2252A(b)(1). In November 2009, the Court sentenced Defendant to 120 months' imprisonment on Count I, and 180 months' imprisonment on each of Counts II and III, to run concurrently. Defendant did not appeal.

On May 3, 2012, Defendant filed a "Notice of Void Judgment" (Notice) [25] asserting that he is in custody unlawfully and

unconstitutionally and should be released immediately. Specifically, Defendant asserts his conviction is void because: (1) the charging instrument was obtained by a Grand Jury that proceeded in a manner inconsistent with due process; (2) the statute under which Defendant has charged was beyond the enumerated powers of the Tenth Amendment[1]; (3) the entire prosecution was inconsistent with Article III, Section 2, Clause 3 of the United States Constitution[2]; (4) the indictment was void; and (5) Defendant was not allowed to be present or represented by counsel during the Grand Jury proceedings.

On May 9, 2012, after reviewing the Notice, this Court concluded that the Notice presented issues that fell under 28 U.S.C. § 2255. The Court gave Defendant notice that it intended to convert the Notice into a motion to vacate, set aside, or correct a sentence under 28 U.S.C. §

---

[1] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

[2] "The Trial of all Crimes, except in cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes have been committed; but when not committed within any State, the trial shall be at such Place or Places as the Congress may by Law have directed."

2255, unless Defendant objected.  See Text Order of May 9, 2012, citing Castro v. United States, 540 U.S. 375 (2003).

On May 29, 2012, Defendant filed an "Objections to Other 'Orders/Judgments.'" (d/e 26).  In the response, Defendant asserts his claims can be raised at any time and are not subject to any restrictions under 28 U.S.C. § 2255.

Generally, "§ 2255 is the exclusive means for a federal prisoner to attack his conviction." Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  An exception exists when § 2255 would be "'inadequate or ineffective to test the legality of [the] detention.'" Id., citing 28 U.S.C. § 2255.  "The Seventh Circuit has held that § 2255 will be found inadequate only in situations where its provisions limiting successive collateral attacks prevent a federal prisoner 'from obtaining review of a legal theory that establishes the [prisoner's] actual innocence.'" Donovan v. Veach, 2006 WL 988455, at *1 (C.D. Ill. 2006), quoting Kramer, 347 F.3d at 271 (internal quotations omitted).  Moreover, Defendant bears the burden of demonstrating that his remedy under § 2255 is inadequate

or ineffective. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999).

Here, Defendant's claims fall within § 2255, and Defendant has not shown that § 2255 provides an inadequate remedy. 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence"). Because §2255 is the exclusive means for Defendant to challenge his conviction, and because Defendant objects to this Court converting his Notice into a § 2255 petition, the Court has no basis on which to grant Defendant relief. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the [Antiterrorism and Effective Death Penalty Act of 1996] rules by inventive captioning").

Therefore, Defendant's Notice of Void Judgment [25] is DENIED.

ENTER: May 30, 2012

FOR THE COURT:

                                                s/Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE